Veronica Morili **AFOLABI**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–70900.
Agency No. A75–679–590.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Jan. 5, 2005.

Fed. R.App. P. 34(a)(2).

Edward W. Pilot, Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Marshall Tamor Golding, Office of Immigration Litigation, Department of Justice, Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Veronica Morili Afolabi, a citizen and native of Nigeria, petitions for review from a final order of removal from the Board of Immigration Appeals ("BIA"), which summarily affirmed the opinion of an Immigration Judge ("IJ") who found Afolabi's testimony not credible. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review and remand.

** This disposition is not appropriate for publication and may not be cited to or by the

"Where ... the BIA adopts the IJ's credibility determination, we look through the BIA's decision to examine the IJ's reasons for deeming the person not credible." *Shire v. Ashcroft,* 388 F.3d 1288, 1294 (9th Cir.2004) (quotations omitted). The credibility determination must be supported by substantial evidence, and although this standard is deferential, a decision not to believe an alien's testimony "must be supported by specific, cogent reasons." *Id.* at 1295.

The IJ focused on Afolabi's failure to include in her declaration any written description of the rape she testified that she endured one night during her third, six-week detention. But we have found that an asylum applicant's failure to report a rape in her application, or even to mention it in her interview, did not support an IJ's conclusion that she was not credible. *See Kebede v. Ashcroft,* 366 F.3d 808, 811 (9th Cir.2004). In this case, Afolabi testified that she did mention the rape in her interview with the asylum officer.

Afolabi was afraid to tell her parents about the rape, and she did not report it or visit a hospital because she felt ashamed. Testimony that a rape victim was ashamed is an explanation for her reluctance to describe sexual assault. *See id.* ("A victim of sexual assault does not irredeemably compromise his or her credibility by failing to report the assault at the first opportunity.")

The only place where Afolabi failed to include a description of her rape was in the declaration attached to her asylum application. She explained that she "forgot to put it" in the declaration, which described only in the most general terms her treatment during the three lengthy detentions: "In each of these detentions, I was interroga-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ted and beaten often by the soldiers." A rape is not inconsistent with such a general description of mistreatment. *See Paramasamy v. Ashcroft*, 295 F.3d 1047, 1053 (9th Cir.2002) (failure to elaborate an early claim of abuse by describing sexual assault "cannot reasonably be characterized as an inconsistency").

We conclude that Afolabi's testimony that she was raped is not an inconsistency supporting the adverse credibility finding.

■ The IJ also found it inconsistent that Afolabi variously described her political involvement in the Movement for the Survival of the Ogoni People as a member of the youth wing, a member of the women's wing, and the treasurer. These are not inconsistent, as Afolabi could have been involved in these three ways either at the same time or sequentially. Even if there were an inconsistency, however, "[m]inor discrepancies that cannot be viewed as attempts by the applicant to enhance her claims of persecution have no bearing on credibility." *Kebede*, 366 F.3d at 811 (quotations and alterations omitted).

The IJ's conclusion that Kebede was not credible is not supported by substantial evidence. Her testimony was detailed, internally consistent, and not inconsistent with her declaration, and we therefore deem her credible. *See Shire*, 388 F.3d at 1299 (deeming applicant credible where the record lacked substantial evidence to support an adverse credibility determination). Because the IJ did not determine whether Afolabi's testimony, if believed, would entitle her to political asylum, withholding, or Convention Against Torture relief, we remand for a new hearing. *See Paramasamy*, 295 F.3d at 1054.

PETITION FOR REVIEW GRANTED; REMANDED.